STAN S. MALLISON (Bar No. 184191)
  StanM@TheMMLawFirm.com
HECTOR R. MARTINEZ (Bar No. 206336)
  HectorM@TheMMLawFirm.com
MARCO A. PALAU (Bar. No. 242340)
  MPalau@TheMMLawFirm.com
JOSEPH D. SUTTON (Bar No. 269951)
  JSutton@TheMMLawFirm.com
ERIC S. TRABUCCO (Bar No. 295473)
  ETrabucco@TheMMLawFirm.com
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, California 94612-3547
Telephone: (510) 832-9999
Facsimile: (510) 832-1101

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alfonso Oseguera and Joaquin Ibarra, individually and acting on behalf of a class of similarly situated employees,<br><br>            Plaintiffs,<br><br>      vs.<br><br>Longhua Zhu, and Fusan Corporation; and DOES 1-20;<br><br>            Defendants. | Case No.  TBD<br><br>1.  Violation of FLSA Overtime;<br>2.  Violation of California Minimum Wage;<br>3.  Violation of California Overtime;<br>4.  Violation of California Rest Break Requirements;<br>5.  Violation of California Meal Break Requirements;<br>6.  Failure to Reimburse for All Necessary Expenditures or Losses Incurred;<br>7.  Failure to Pay All Wages Owed Upon Termination or Resignation;<br>8.  Failure to Provide Accurate Wage Statements;<br>**9.**  Violation of Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*.<br>**10.** Violation of California Labor Code Private Attorney General Act |

## I.      NATURE OF THE ACTION

1.      This is a wage and hour action to vindicate the rights afforded to PLAINTIFFS Alfonso Oseguera and Joaquin Ibarra (hereafter "PLAINTIFF") the State of California, and the Class by California Labor Code, and California Business and Professions Code. PLAINTIFF was employed as a non-exempt employee for DEFENDANTS. The action seeks recovery for wages and compensation due and other related remedies for PLAINTIFF under California law for the maximum period prior to filing this complaint to the present as set out below.

2.      The claims of this lawsuit spring from a pattern of employer misconduct and wrongdoing that is a characteristic of the labor system utilized by DEFENDANTS, where unpaid and improperly paid labor, as alleged herein, is a common business practice, and where the employer externalizes the risk and expenses upon DEFENDANTS' employees. DEFENDANTS' actions in this case demonstrate a systematic disregard for the rights afforded to PLAINTIFF under California wage and hour law. The following paragraphs detail specific violations of law comprising these wage-related claims.

3.      During the past four years DEFENDANTS consistently maintained and enforced against its non-exempt employees, including PLAINTIFF, the following unlawful practices and policies, in violation of California wage and hour laws:

    a.      failing to provide Class members, including PLAINTIFF, rest periods of at least (10) minutes per four (4) hours worked, or major fraction thereof, and failing to pay such employees one (1) hour of additional wages at the employees' regular rate of compensation for each workday that the rest period was not provided, in violation of California law;

    b.      requiring Class members, including PLAINTIFF, to work at least five (5) hours without a proper, full, thirty-minute, uninterrupted meal period, and failing to pay such employees one (1) hour of additional wages at the employees' regular rate of compensation for each workday that the meal period was not provided, in violation of California law;

1

c.      failing to properly pay PLAINTIFF and the Class minimum wages as defined by the California IWC orders;

d.      failing to maintain accurate and complete employment records for PLAINTIFF and the Class; and

e.      failing to pay all wages due upon termination.

4.      Pursuant to the California Labor Code, PLAINTIFF and the Class seek unpaid minimum wages, unpaid rest and meal period compensation, statutory penalties, liquidated damages, declaratory, injunctive and other equitable relief, interest, reasonable attorneys' fees, and costs of suit. After exhausting all necessary administrative requirements, PLAINTIFF plans to amend this complaint and seek those penalties that are available only through the procedures detailed in Labor Code §§ 2698 *et seq.*

5.      Pursuant to Business and Professions Code §§ 17200 *et seq.* PLAINTIFF also seeks injunctive relief, declaratory relief, restitution, and restitutionary disgorgement of all wages earned but retained by DEFENDANT as a result of their failure to comply with the above laws.

6.      PLAINTIFF is also entitled to attorneys' fees pursuant to California Code of Civil Procedure § 1021.5, California Labor Code provisions, and PAGA (§2699 et seq).

7.      PLAINTIFF has complied with all of the administrative requirements of PAGA, California Labor Code §2699 et seq and the requisite time has elapsed so that this Complaint is ripe to file.

## II.     PARTIES

### *PLAINTIFFS*

8.      Named PLAINTIFF Alfonso Oseguera is, and at all relevant times, was a resident of California. He was employed as a non-exempt employee by DEFENDANTS in and around the County of Contra Costa until approximately June 6, 2016. Plaintiff is an aggrieved employee who has been subjected to the violations and unlawful employment practices described herein, and who, as a result, has suffered injury in fact and has lost money or property.

9.      At all relevant times herein, PLAINTIFF was employed by DEFENDANTS and, on

2

1  information and belief, DEFENDANTS are an enterprise engaged in commerce, in and around

2  Contra Costa County, California. DEFENDANTS employed PLAINTIFF as a non-exempt

3  employee. PLAINTIFF was hired pursuant to written or implied contracts of employment entered

4  into in Contra Costa County, California.

5       10.    As DEFENDANTS' non-exempt employee, PLAINTIFF was regularly subjected

6  to, or had personal knowledge of, the violations described in the Complaint, however, many

7  allegations are made upon their attorney's investigation and are, therefore, made on information

8  and belief.

9       11.    Named PLAINTIFF Joaquin Ibarra is, and at all relevant times, was a resident of

10  California. He was employed as a non-exempt employee by DEFENDANTS in and around the

11  County of Contra Costa until approximately June 6, 2016. Plaintiff is an aggrieved employee who

12  has been subjected to the violations and unlawful employment practices described herein, and who,

13  as a result, has suffered injury in fact and has lost money or property.

14       12.    At all relevant times herein, PLAINTIFF was employed by DEFENDANTS and, on

15  information and belief, DEFENDANTS are an enterprise engaged in commerce, in and around

16  Contra Costa County, California. DEFENDANTS employed PLAINTIFF as a non-exempt

17  employee. PLAINTIFF was hired pursuant to written or implied contracts of employment entered

18  into in Contra Costa County, California.

19       13.    As DEFENDANTS' non-exempt employee, PLAINTIFF was regularly subjected

20  to, or had personal knowledge of, the violations described in the Complaint, however, many

21  allegations are made upon their attorney's investigation and are, therefore, made on information

22  and belief.

23                              ***DEFENDANTS***

24       14.    On information and belief, FUSAN CORPORATION is a California Corporation

25  that operates a restaurant business. At all relevant times, FUSAN CORPORATION employed

26  PLAINTIFF and other aggrieved employees and class members as non-exempt employees.

27  Defendant FUSAN CORPORATION's business address is listed with the California Secretary of

28  State, is 2131 N Broadway, Walnut Creek, CA 94596.

3

1    11.    On information and belief, LONGHUA ZHU is a person who violated or caused the

2    violations of the California Labor Code and provisions regulating hours and days of work as

3    detailed in the applicable Industrial Welfare Commission Order. At all relevant times, LONGHUA

4    ZHU has operated as FUSAN CORPORTATION's executive officer. LONGHUA ZHU has had

5    authority over all labor policies and practices, including those resulting in violations as described in

6    this complaint; and he has actively violated or caused the violations alleged herein.

7

8    **III.    FACTUAL BACKGROUND**

9    12.    The claims of this lawsuit spring from a pattern of employer misconduct and

10   wrongdoing that is a characteristic of the labor system utilized by Defendants, where unpaid and

11   improperly paid labor, as alleged herein, is a common business practice.  Defendants' actions in this

12   case demonstrate a systematic disregard for the rights afforded to Plaintiffs and the Class under

13   California wage and hour law.  The following paragraphs detail specific violations of law giving

14   rise to this action.

15   13.    For at least four years prior to the filing of this action and through to the present

16   (liability period for the UCL cause of action), EMPLOYER DEFENDANT maintained and

17   enforced against PLAINTIFFS and the Class unlawful practices and policies in violation of

18   California wage and hour laws, including but not limited to:

19          a.    forcing Class members, including PLAINTIFFS, to work "off the clock" time
                  without compensation, including but not limited to time spent pre- and post-
20                shift and/or time spent onsite during meal periods as required by
                  DEFENDANTS and under their control, in violation of California law, City
21                of Oakland ordinances and public policy;

22          b.    failing to provide Class members, including PLAINTIFFS, rest periods of at
                  least (10) minutes per four (4) hours worked, or major fraction thereof, and
23                failing to pay such employees one (1) hour of additional wages at the
                  employees' regular rate of compensation for each workday that the rest
24                period was not provided, in violation of California law and public policy;

25          c.    requiring Class members, including PLAINTIFFS, to work at least five (5)
                  hours without a full, thirty-minute, uninterrupted meal period, and failing to
26                pay such employees one (1) hour of additional wages at the employees'
                  regular rate of compensation for each workday that the meal period was not
27                provided, in violation of California state laws and public policy;

28

4

d.    failing to provide Class members, including PLAINTIFFS, with accurate itemized wage statements in violation of California law and public policy;

e.    failing to maintain accurate time-keeping records for Class members, including PLAINTIFF, in violation of California law and public policy;

f.    failing to properly pay Class members, including PLAINTIFFS, time and a half and double overtime pursuant to California Labor Code provisions and Industrial Welfare Commission Wage Order 5-2001 in violation of California law and public policy;

g.    failing to reimburse Class members, including PLAINTIFF, for expenses incurred for the purchase and maintenance of tools/cutlery protective gear, supplies and/or vehicles in violation of California law and public policy; and

h.    failing to pay to Class members, including PLAINTIFFS, statutory penalties pursuant to California Labor Code §§ 201, 202, 203, and 226, in violation of California law and public policy.

14.    On information and belief, EMPLOYER DEFENDANT were on notice of the improprieties alleged and/or has intentionally, deliberately, and willfully carried out these unlawful and unfair business practices.

15.    EMPLOYER DEFENDANT have made it difficult to account with precision for the unlawfully withheld wages due to PLAINTIFF and the Class during all relevant times herein, because EMPLOYER DEFENDANT did not fully implement and preserve a record-keeping method to accurately record all hours worked and wages earned by its employees as required for non-exempt employees by California Labor Code §§ 226 and 1174(d), Industrial Welfare Commission Wage Order 5.

**CLASS ACTION ALLEGATIONS**

16.    PLAINTIFF bring this action on behalf of themselves and all others similarly situated pursuant to Federal Rule of Civil Procedure 23 and FLSA.  PLAINTIFF seek to represent the following Class under Rule 23:

All persons who are employed or have been employed by DEFENDANTS in the State of California who, within four (4) years of the filing of the original Complaint in this action, have worked as non-exempt restaurant workers..

17.    The Rule 23 CLASS PERIOD in this action begins four years prior to the filing date of the original Complaint in this case (extended also for any prior class action complaint to the

CLASS ACTION COMPLAINT                                                    Case No.

1  extent permitted by law), and continues through final disposition of the action, plus any tolling that

2  may apply.

3       18.      On information and belief, the injury and loss of money to PLAINTIFF and the Class

4  amounts to millions of dollars.  PLAINTIFF and the Class were regularly subjected to the policy

5  violations described in this Complaint. On information and belief, the legal and factual issues are

6  common to the Class and affect all Class Members.  PLAINTIFFS reserve the right to amend or

7  modify the class description with greater specificity or further division into subclasses, as well as to

8  limit the class or subclasses to particular issues, as warranted.

9       19.      PLAINTIFF seek to represent the following Class under FLSA:

10            All persons who are employed or have been employed by DEFENDANTS in
             the State of California who, within three (e) years of the filing of the original

11            Complaint in this action, have worked as non-exempt restaurant workers..

12       20.      The FLSA CLASS PERIOD in this action begins three years prior to the filing date

13  of the original Complaint in this case (extended also for any prior class action complaint to the

14  extent permitted by law), and continues through final disposition of the action, plus any tolling that

15  may apply.

16

17                                **A.      Numerosity**

18       15.      The potential members of the Class as defined are so numerous that joinder of all

19  the members of the Class is impracticable.  While the precise number of Class Members has not

20  been determined at this time, PLAINTIFF is informed and believes that DEFENDANTS have

21  employed dozens of restaurant employees in the State of California and who are, or have been,

22  affected by DEFENDANTS' unlawful practices as alleged herein.

23       16.      Upon   information   and   belief,   PLAINTIFF   alleges   that   DEFENDANTS'

24  employment  records  would  provide  information  as  to  the  number  and  location  of  all  Class

25  Members.  Joinder of all members of the proposed Class is not practicable.

26                                **B.      Commonality**

27       17.      There are questions of law and fact common to the Class predominating over any

28

CLASS ACTION COMPLAINT                                           *Case No.*

questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

a.   Whether DEFENDANTS violated the California Labor Code and wage orders by compensating PLAINTIFF and the Class at hourly wage rates below the minimum wage rate;

b.   whether DEFENDANTS failed to permit rest periods of at least (10) minutes per four (4) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period was not provided;

c.   whether DEFENDANTS failed to provide a full and complete meal period during each period of five (5) hour work completed and failed to pay such employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period was not provided;

d.   whether Defendants failed to maintain accurate and complete employment records for PLAINTIFF and the Class;

e.   whether DEFENDANTS failed to pay all wages due upon termination.

f.   whether DEFENDANTS failed to provide accurate itemized wage statements;

g.   whether DEFENDANTS failed to maintain accurate time-keeping records;

h.   Whether DEFENDANTS committed unlawful business practices in violation of §§ 17200 *et seq*. of the Business and Professions Code by the above practices and other violations of the California Labor Code.

i.   Whether DEFENDANTS committed unfair business practices in violation of §§ 17200 *et seq*. of the Business and Professions Code by violating the public policies underlying the California Labor Code and/or wage orders.

j.   Whether DEFENDANTS breached written or implied contractual terms with PLAINTIFF and other Class members.

k.   Whether DEFENDANTS improperly converted employees labor or monies for the use of DEFENDANTS;

l.   Whether PLAINTIFF and the other Class members are entitled to damages, liquidated damages, wages, premium wages, restitution, statutory penalties, injunctive and declaratory relief, punitive or exemplary damages, attorney's fees and costs, and other relief pursuant the California Labor Code and wage orders, Conversion and Contractual causes of action, and Business and Professions Code §§ 17200 *et seq*.

## C.   **Typicality**

18.   The claims of the named PLAINTIFF is typical of the claims of the Class. PLAINTIFF and all members of the Class sustained injuries and damages arising out of and caused

7

by DEFENDANTS' common course of conduct in violation of California laws, regulations, and public policy as alleged herein.

### D.    Adequacy of Representation

19.    PLAINTIFF will fairly and adequately represent and protect the interests of the members of the Class.  Counsel who represents PLAINTIFF are competent and experienced in litigating large employment class actions.

### E.    Superiority of Class Action

20.    A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each member of the Class has been damaged and is entitled to recovery by reason of DEFENDANTS' unlawful policy and/or practice of failing to compensate Class Members for all wages earned and due and engaging in the other unlawful practices herein complained of.

21.    Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. PLAINTIFFS are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## I.    CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

### FAILURE TO PAY FLSA OVERTIME

### (29 U.S.C. §§ 207, 216(B), AND 255(A))

### (Against FUSAN CORPORATION)

11.    PLAINTIFF incorporates all preceding paragraphs as though fully set forth herein.

12.    At all relevant times herein, PLAINTIFF'S employment was subject to the provisions of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.*

13.    DEFENDANTS are engaged in commerce or in the production of goods for

8

CLASS ACTION COMPLAINT                                                    *Case No.*

commerce as defined by 29 U.S.C. §§ 203 (r) & (s) and related Department of Labor regulations.

14.     DEFENDANTS routinely required and/or suffered or permitted PLAINTIFFS, members of the FLSA Class, and similarly situated workers, to work more than forty (40) hours per week, and routinely without paying them any overtime premium for hours worked in excess of forty (40) hours per week.  This occurred partially by failing to pay for all hours worked on the clock, and failing to pay for all hours worked off the clock. In particular, PLAINTIFF and the Class were not paid for the substantial amount of worktime.  These practices, among others, resulted in DEFENDANTS not paying overtime wages for all hours worked.

15.     In failing to pay PLAINTIFF, including Opt-In Consenters and similarly situated workers, overtime wages at one-and-one-half times their regular rate of pay, DEFENDANTS willfully violated the FLSA.

16.     As a direct and proximate result of DEFENDANTS' failure to pay proper wages under the FLSA, PLAINTIFF, including Opt-In Consenters and similarly situated workers, incurred general damages in the form of lost overtime wages in an amount to be proved at trial.

17.     DEFENDANTS intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay PLAINTIFFS, including Opt-In Consenters and similarly situated workers, their proper wages, and thus DEFENDANTS are liable to PLAINTIFF, including Opt-In Consenters and similarly situated workers, for liquidated damages in an amount equal to their lost wages over a three (3) year statute of limitations plus tolling from other class actions pursuant to 29 U.S.C. §§ 216(b) & 255(a) of the FLSA.

18.     PLAINTIFF, including Opt-In Consenters and similarly situated workers, were required to retain legal assistance in order to bring this action and, as such, are entitled to an award of reasonable attorney's fees pursuant to the FLSA.

## SECOND CLAIM FOR RELIEF

### Failure to pay minimum wage

(Cal. Lab. Code §§ 1197, 1194(a), 1194.2, Wage Order 5

(Against FUSAN CORPORATION)

19.     PLAINTIFF incorporate all preceding paragraphs as though fully set forth herein.

9

20.     California Labor Code §1197, entitled "Pay of Less Than Minimum Wage," states: The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

21.     The applicable minimum wage fixed by the commission for restaurant workers (Wage Orders 5) was set at eight dollars ($8.00) per hour for all hours worked effective January 1, 2008, but was raised to nine dollars $9.00 per hour starting July 1, 2014. The minimum wage was again raised on January 1, 2016 to ten dollars ($10.00) per hour.

22.     The Defendants failed to pay minimum wage for all hours worked. In particular, PLAINTIFF and the Class were required to work with out pay for substantial amount of time for having to work pre- and post-shift and for having to work during their meal periods while under the control of Defendants and for the benefit thereof.  Regardless of the time at which PLAINTIFF and Class members arrived at the restaurant, they were not paid until the time predetermined by work schedules. Further, hours worked were not accurately recorded, since Defendants do not allow for the recording of time contemporaneously as shifts actually begin and end. These practices, among others, resulted in Defendants not paying the minimum wage for all hours worked.  This violation of California minimum wage law was substantial and occurred on a daily basis due to Defendants' employment practices.

23.     As a result of Defendants' violations of the minimum wage, by failing to record and pay minimum wage for all hours worked, Defendants violated California Labor Code § 226(a), inaccurately stating gross wages earned, total hours work, deductions, net wages and other issues as described above.

24.     Defendants have the ability to pay minimum wages for all time worked but have willfully refused to pay such wages, intending to secure instead a discount upon their indebtedness to PLAINTIFFS and the Class for all hours worked, and intending to annoy harass, oppress, hinder delay or defraud PLAINTIFFS and the Class, in violation of California Labor Code § 226.6.

25.     California Labor Code § 226.6 states:
Any employer who knowingly and intentionally violates the provisions of Section 226 or 226.2, or any officer, agent, employee, fiduciary, or other person who has the control, receipt, custody, or disposal of, or pays, the wages due any employee, and

CLASS ACTION COMPLAINT                                                    Case No.

who knowingly and intentionally participates or aids in the violation of any provision of Section 226 or 226.2 is guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than one thousand dollars ($1,000) or be imprisoned not to exceed one year, or both, at the discretion of the court.  That fine or imprisonment, or both, shall be in addition to any other penalty provided by law.

Defendants' violation of § 226 also constitutes a misdemeanor, pursuant to § 226.6, a predicate violation of California Business & Profession Code §§ 17200, and a predicate violation of Labor Code § 2699.

26.     The Minimum Wage provisions of California Labor Code are enforceable by private civil action pursuant to California Labor Code § 1194(a), which states:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

27.     As such, PLAINTIFFS and the Class may bring this action for minimum wages, interest, costs of suit and attorney's fees pursuant to California Labor Code § 1194(a).

28.     As described in California Labor Code § 1194.2, any such action incorporates the applicable wage order of the California Labor Commission.  California Labor Code § 1194.2 states:

In any action under Section 1194 … to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

29.     As described herein, this is an action under California Labor Code §1194 to recover wages on account of Defendants' failure to pay minimum wages as described in California Labor Code §§ 1197, 1194(a), 1194.2 and any applicable wage orders, including IWC Order 5. Therefore, PLAINTIFFS and the Class are also entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

30.     WHEREFORE, PLAINTIFF and the Class request relief as described herein and below.

## THIRD CLAIM FOR RELIEF

### Failure to Pay Overtime Compensation

(CALIFORNIA LABOR CODE §§ 510, 1194, 1194.2 & Wage order 5)

(Against FUSAN CORPORATION)

31.     PLAINTIFF incorporate all preceding paragraphs as though fully set forth herein.

32.     California Labor Code § 510(a) states:
Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one work week and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

*See also* California Labor Code § 1185; Industrial Welfare Commission Wage Order 5.  California Labor Code § 500 defines, "Workday" and "Day" to mean any consecutive 24-hour period commencing at the same time each calendar day, and defines "workweek" and "week" to mean "any seven consecutive days starting with the same calendar day each week."

33.     As described herein, Defendants violated California Labor Code § 510 and the applicable wage order by employing PLAINTIFF and the Class in excess of the above requirements without overtime and/or doubletime pay.

34.     PLAINTIFF and the Class may enforce these provisions pursuant to Labor Code including § 1194(a), as well as Business and Professions Code §§ 17200 et seq.

35.     California Labor Code § 1194(a) states:
Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

36.     As a result, PLAINTIFF and the Class are entitled to the unpaid balance of the full amount of the above noted overtime compensation, interest, reasonable attorney's fees and costs of

suit.

37.     WHEREFORE, PLAINTIFFS and the Class request relief as described herein and below.

### FOURTH CLAIM FOR RELIEF

### Failure to Provide Rest Periods OR Pay Additional Wages in Lieu Thereof

### (Cal. Lab. Code §§ 226.7)

### (Against FUSAN CORPORATION)

38.     PLAINTIFF incorporate all preceding paragraphs as though fully set forth herein.

39.     Defendants did not authorize or permit PLAINTIFF and, on information and belief, the Class to take all required rest periods.  PLAINTIFF and, on information and belief, the Class routinely worked four-hour periods during the day without rest periods or compensation in lieu thereof.  Defendants' employment practices did not provide for rest periods as mandated by California law.

40.     California Labor Code §226.7 states:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

41.     The applicable wage order issued by the Industrial Welfare Commission is Wage Order 5, which states with regards to rest periods:

 (A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

42.    Defendants violated California law by failing to provide rest periods mandated by Labor Code § 226.7 and Wage Orders 5 and others, and by failing to provide one hour pay at the employees' regular rate of compensation for each work day that a required rest period was not provided.

43.    PLAINTIFFS and, on information and belief, the Class did not voluntarily or willfully waive rest periods.  Any express or implied waivers obtained from PLAINTIFFS and Class members were not willfully obtained, was not voluntarily agreed to, was a condition of employment, or part of a contract of an unlawful adhesion.

44.    By failing to keep adequate time records required by sections 226 and 1174(d) of the Labor Code, Defendants have injured PLAINTIFF and the Class and made it difficult to calculate the unpaid rest period compensation due PLAINTIFF and the Class.

45.    As a result of the unlawful acts of Defendants, PLAINTIFF and the Class have been deprived of premium wages in amounts to be determined at trial, and is entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §§ 203, 226, 226.7, 512, 1194, and Wage Order 5, and others.

46.    WHEREFORE, PLAINTIFS and the Class request relief as described herein and below.

## FIFTH CLAIM FOR RELIEF

### Failure to Provide MEAL Periods OR Pay Additional Wages in Lieu Thereof

### (Cal. Lab. Code §§ 226.7, 512)

### (Against Employer Defendants)

47.    PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

48.    PLAINTIFFS and, on information and belief, the Class were not afforded meal periods as required by California law, since they were routinely required to work five hours or more without a full, thirty minute, uninterrupted meal period, and they were not compensated for these missed meal periods.

CLASS ACTION COMPLAINT                                        *Case No.*

49.     California Labor Code § 226.7 states:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

50.     The applicable wage order issued by the Industrial Welfare Commission is Wage Order 5.  Wage Order 5 states with regards to meal periods:

(A)     No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.   Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked.  An "on duty meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.  The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(B)     If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

A similar provision is contained at California Labor Code § 512.

51.     In this case, there was no mutual waiver of meal period and employees worked for periods of more than five hours without an off-duty meal period of at least 30 minutes.  As noted above, Defendants violated California law by failing to provide meal periods mandated by Labor Code § 226.7 and the wage orders.  As such, Defendants are liable for one hour of pay at the employee's regular rate of compensation for each workday that meal periods were not provided.

52.     As noted above, Defendants violated California law by failing to provide the meal and rest periods mandated by Labor Code § 226.7 and Wage Orders 5, and by failing to provide one hour pay at the employees' regular rate of compensation for each work day that the meal period was not provided.

53.     PLAINTIFFS and, on information and belief, the Class did not voluntarily or

willfully waive meal periods.  Any express or implied waivers obtained from PLAINTIFFS and the Class was not willfully obtained, was not voluntarily agreed to, was a condition of employment, or part of a contract of an unlawful adhesion.

54.   By failing to keep adequate time records required by sections 226 and 1174(d) of the Labor Code, Defendants have injured PLAINTIFFS and the CLASS and made it difficult to calculate the unpaid meal period compensation due PLAINTIFFS and the Class.

55.   As a result of the unlawful acts of Defendants, PLAINTIFFS and the Class have been deprived of premium wages in amounts to be determined at trial, and is entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §§ 203, 226, 226.7, 512, 1194, and Wage Order 5.

56.   WHEREFORE, PLAINTIFFS and the Class request relief as described herein and below.

### SIXTH CLAIM FOR RELIEF

### failure to indemnify employees for all necessary expenditures or losses incurred

### (Cal. Lab. Code §§ 2802)

### (Against FUSAN CORPORATION)

57.   PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

58.   Labor Code § 2802 required Defendants to indemnify PLAINTIFFS and the Class for all necessary expenditures or losses incurred by these employees in direct consequence of the discharge of his or her duties.

59.   PLAINTIFFS and the Class were required to provide their own cutlery, protective gear, supplies and/or personal vehicles necessary to perform their duties and/or maintained them without reimbursement by Defendants for cost incurred for said use.

60.   Defendants failed to provide to PLAINTIFFS and the Class with all tools/cutlery protective gear, supplies and/or vehicles that were necessary to perform their duties as directed by Defendants and further failed to indemnify PLAINTIFFS and the Class for all necessary expenditures and losses incurred by PLAINTIFFS and the Class for the benefit of Defendants and to their detriment. As a result, PLAINTIFFS and the Class were required to supply all their own

tools/cutlery protective gear, and other items.  Defendants did not provide all required all tools/cutlery protective gear, supplies and/or vehicles and did not reimburse PLAINTIFFS and the Class for said expenses.

61.     As a direct and proximate cause of Defendants' failure to indemnify employees, PLAINTIFFS and the CLASS incurred out of pocket expenses and suffered a loss of wages in an amount to be proven at trial.

**SEVENTH CLAIM FOR RELIEF**

**Knowing and Intentional Failure to Comply With Itemized**

**Employee Wage Statement Provisions**

**(Cal. Lab. Code §§ 226(b), 1174, 1175)**

**(Against FUSAN CORPORATION)**

62.     PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

63.     California Labor Code Section 226(a) states:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing

      i)      gross wages earned,

      ii)     total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

      iii)    the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

      iv)    all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

      v)     net wages earned,

      vi)    the inclusive dates of the period for which the employee is paid,

      vii)   the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

17

viii)   the name and address of the legal entity that is the employer, and

ix)   all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

64.   Defendants failed to provide "accurate itemized statements" to employees, including PLAINTIFFS and the Class, because the wage statements:

a.   Falsely understated the gross wages earned, since the amount did not account for all hours worked; and

b.   Omitted or falsely understated the total hours worked by PLAINTIFFS and the Class, by under-reporting or ignoring the total of hours actually worked, and because there was no system for employees to record hours contemporaneously as they began, ended and worked their shifts.

As a result, the wage statements also falsely understated the "number of hours worked at each hourly rate" and falsely stated the net wages earned.

65.   California Labor Code § 226(e) and (g) provide for the remedy for the violations described above:

(e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

(g) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

66.   Section 1174 of the California Labor Code, and Section 7 of Wage Order 5, require EMPLOYER DEFENDANTS to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by and the wages paid to its employees.  The Wage Orders also require that the employer keep accurate information showing when each employee begins and ends each work period, meal periods, and total daily hours worked." Defendants have created a uniform

18

practice of knowingly and intentionally failing to comply with Labor Code § 1174.  Defendants'

failure to comply with Labor Code § 1174 is unlawful pursuant to Labor Code § 1175.  When an

employer fails to keep such records, employees may establish the hours worked solely by their

testimony and the burden of overcoming such testimony shifts to the employer.  *Hernandez v.*

*Mendoza,* 199 Cal. App. 3d 721 (1988).

67.     By failing to keep adequate time records required by §§ 226 and 1174 (d) of the

Labor Code, Defendants have injured PLAINTIFFS and the Class and made it difficult to calculate

the unpaid wages due, and PLAINTIFFS and the Class are entitled to up to $4,000.00 in penalties.

68.     WHEREFORE, PLAINTIFFS requests relief as described herein and below on

behalf of the Class.

**NINTH CLAIM FOR RELIEF**

**FAILURE TO PAY ALL WAGES OWED UPON TERMINATION OR RESIGNATION**

(CALIFORNIA LABOR CODE §§ 201, 202 & 203)

(Against FUSAN CORPORATION)

69.     PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

70.     California Labor Code §§ 201 and 202 provide for immediate payment of all wages

owed at termination of employment.

71.     Defendants required PLAINTIFFS and the Class to work without compensating

them for all wages as described in this complaint and failed to pay these wages at the termination of

these employees.  Consequently, Defendants have violated California Labor Code §§ 201 and/or

202.

72.     California Labor Code § 203 states:

If an employer willfully fails to pay, without abatement or reduction, in accordance
with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is
discharged or who quits, the wages of the employee shall continue as a penalty from
the due date thereof at the same rate until paid or until an action therefor is
commenced; but the wages shall not continue for more than 30 days. An employee
who secretes or absents himself or herself to avoid payment to him or her, or who
refuses to receive the payment when fully tendered to him or her, including any
penalty then accrued under this section, is not entitled to any benefit under this
section for the time during which he or she so avoids payment. Suit may be filed for

these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise.

73.     Defendants willfully failed to pay all wages due as the failure to pay was not inadvertent or accidental.  As a result, PLAINTIFFS and the Class are entitled to 30 days' wages. "30 days wages" is calculated pursuant to California case law as 30 working days and not merely a month's wages.

74.     In calculating 30 days wages pursuant to California Labor Code § 203, PLAINTIFFS and the Class are entitled to compensation for all forms of wages earned (even if not properly paid), including, but not limited to, compensation for unprovided rest periods and unprovided meal periods, compensation for work done at hourly rates below the minimum and overtime wages, and other compensation due but not received.

75.     More than 30 working days have passed since PLAINTIFF and many members of the Class have has left EMPLOYER DEFENDANTS' employ, and despite this, they have not received payment pursuant to Labor Code § 203.  As a consequence of Defendants' willful conduct in not paying all earned wages, PLAINTIFFS and the Class are entitled to 30 days' wages as a penalty under Labor Code § 203 for failure to pay legal wages.

76.     WHEREFORE, PLAINTIFFS and the Class seek the relief as described herein and below.

**TENTH CLAIM FOR RELIEF**

**VIOLATION OF UNFAIR COMPETITION LAW**
(CALIFORNIA Bus. & prof. Code §§ 17200 *et seq*.)

(Against FUSAN CORPORATION)

96.     PLAINTIFF incorporates all preceding paragraphs as though fully set forth herein.

97.     On information and belief, by their policies described above, Defendants engaged in unlawful activity prohibited by Business and Professions Code §§ 17200 et seq.  The actions of Defendants as alleged within this Complaint, constitute unlawful and unfair business practices, within the meaning of Business and Professions Code §§ 17200 et seq and have suffered injury and have lost money or property as a result of Defendants failure to comply with well established labor

20

1   laws.

2       98.    As a result of their unlawful acts, Defendants have reaped and continue to reap unfair

3   benefits and unlawful profits at the expense of PLAINTIFF and the Class. Defendants should be

4   enjoined from this activity and made to disgorge these ill-gotten gains and restore to PLAINTIFFS

5   and the Class the wrongfully withheld wages pursuant to Business and Professions Code § 17203.

6   PLAINTIFF is informed and believe and thereon allege that Defendants are unjustly enriched

7   through these unlawful practices.

8       99.    The unlawful conduct alleged herein is continuing, and there is no indication that

9   Defendants will not continue such activity in the future.  PLAINTIFF alleges that if Defendants are

10   not enjoined from the conduct set forth in this Complaint, DEFENDANTS will continue these

11   violations.

12       100.    PLAINTIFF further requests that the court issue a preliminary and permanent

13   injunction requiring Defendants to comply with the recording keeping requirements under

14   California Labor Laws and providing required safety equipment.

15       101.    WHEREFORE, PLAINTIFF for himself and the Class they seek to represent request

16   injunctive, declaratory, and restitutionary relief as described herein and below.

17

18                         **ELEVENTH CLAIM FOR RELIEF**
19   **VIOLATIONS OF LABOR CODE PRIVATE ATTORNEYS GENERAL ACT**
                      (CALIFORNIA LABOR CODE §§ 2698 *ET SEQ.*)

20                         (Against All DEFENDANTS)

21       102.    PLAINTIFF incorporates all preceding paragraphs as though fully set forth herein.

22       103.    PLAINTIFF brings this claim for himself and other current and former employees, as

23   expressly authorized by Labor Code §§ 2699 et seq.  PAGA is an enforcement action that empowers

24   an aggrieved employee to seek penalties on behalf of themselves, current and former employees and

25   the State, without the need to certify a class. For purposes of this claim only, therefore, PLAINTIFF

26   brings this claim for themselves and other current and former employees and need not comply with

27   Class Action Certification.

28       104.    PLAINTIFF is an aggrieved employee as defined in Labor Code § 2699(a).  They

1    bring this cause on behalf of themselves and other current or former aggrieved employees affected

2    by the labor law violations alleged in this complaint.

3         105.    The pre-lawsuit notice requirements set forth in Labor Code § 2699.3 have been

4    satisfied by written notice by certified mail to all DEFENDANT and to the Labor and Workforce

5    Development Agency, detailing the Labor Code and IWC Wage Order violations averred herein.

6    The LWDA refused to timely investigate these violations.

7         106.    PLAINTIFF seeks civil penalties as provided under applicable Labor Code sections

8    for violations of the Labor Code  alleged herein pursuant to Labor Code § 2699(a). To the extent

9    that any violation alleged herein does not carry a penalty, PLAINTIFF seek civil penalties pursuant

10   to Labor Code § 2699(f) for PLAINTIFFS, other current or former employees and the State for

11   violations of those sections.

12        107.    Labor Code § 2699(f) provides:

> For all provisions of this code except those for which a civil penalty is
> specifically provided, there is established a civil penalty for a violation of
> these provisions, as follows: . . . (2) If, at the time of the alleged violation,
> the person employs one or more employees, the civil penalty is one
> hundred dollars ($100) for each aggrieved employee per pay period for
> the initial violation and two hundred dollars ($200) for each aggrieved
> employee per pay period for each subsequent violation.

108.    PLAINTIFF seek penalties due from all Defendants on behalf of themselves, other

aggrieved employees and the State, as provided by Labor Code § 2699(i), including but not limited

to, penalties due pursuant to Labor Code § 558(a), 1197.1 and other penalty provisions as a result of

Defendants' violation of the provisions of the Labor Code and Wage Order 5.

109.    All Defendants are liable to PLAINTIFF and  "other current or former employees

and the state" for the civil penalties arising from the violations alleged in this Complaint.

PLAINTIFF are also entitled to an award of attorneys' fees and costs as set forth below.

110.    PLAINTIFF, and on behalf of themselves and other current or former employees,

request relief as described below.

CLASS ACTION COMPLAINT                   *Case No.*

## II.    PRAYER

111.    WHEREFORE, PLAINTIFF prays for judgment for PLAINTIFF and the Class as follows:

1.   For compensatory damages in an amount according to proof with interest thereon;

2.   For economic and/or special damages in an amount according to proof with interest thereon;

3.   For a declaratory judgment that Defendants violated the rights of PLAINTIFFS and the Class under the California Labor Code, and applicable wage orders as set forth in the preceding paragraphs;

4.   For an award to PLAINTIFFS and the Class of statutory damages or, in the alternative, actual damages for Defendants' violations of the California Labor Code;

5.   For an award to PLAINTIFFS and the Class for unpaid minimum wages for violations of the City of Oakland's Ordinance 5.92.020.

6.   That Defendants be found to have engaged in unfair competition in violation of California Business and Professions Code §§ 17200 *et seq*.;

7.   That DEFENDANT EMPLOYERS be ordered and enjoined to make restitution to PLAINTIFFS and the Class due to their unfair competition, including restitutionary disgorgement of their wrongfully-obtained revenues, earnings, profits, compensation, and benefits, pursuant to California Business and Professions Code §§ 17203 and 17204;

8.   That DEFENDANT EMPLOYER be enjoined from continuing the unlawful course of conduct alleged herein;

9.   For premium pay and statutory penalties pursuant to Labor Code § 203, excluding any penalties available solely through the procedures detailed in Labor Code §§ 2698 *et seq*.;

10. For wages and premium wages pursuant to Labor Code §§ 226 and 226.7;

11.  For minimum wages pursuant to Labor Code §§ 1197, 1194(a), 1194.2, and the Wage Orders;

12. For liquidated damages pursuant to the Labor Code § 1194.2;

13. For penalties pursuant to Labor Code § 226 and interest pursuant to 218.6.

15. For attorneys' fees, interests, and costs of suit under the California Labor Code including§§ 226, 558, 1194, 2699, 2699.3,1197.1 and pursuant to the private attorney provisions of California Code of Civil Procedure § 1021.5.

16. For unpaid wages, liquidated damages, penalties and other relief as provided by the California Labor Code and FLSA.

17. For such other and further relief as the Court deems just and proper excluding any penalties available solely through the procedures detailed in Labor Code §§ 2698 *et seq*.

18. For penalties for the State, Plaintiff and other current or former employees pursuant to the Private Attorney General Act, Labor Code §§ 2698 *et seq*., as well as Labor Code §§ 558 & 1197.1.

19. For penalties, and/or restitution of wages, and/or liquidated damages for Plaintiffs and other current or former employees pursuant to Labor Code §§ 558 & 1197.1.

20. For wages, liquidated damages, interest, attorneys fees, costs, penalties, and other relief as permitted by the California Labor Code.

## VI. **DEMAND FOR JURY TRIAL**

112.    PLAINTIFF hereby demand trial of their claims and of the Class by jury to the extent authorized by law.

**MALLISON & MARTINEZ**
Attorneys for Plaintiffs

Dated: June 6, 2017                By:          /s/ Stan S. Mallison
                                                            Stan S. Mallison
                                                            Hector R. Martinez
                                                            Marco A. Palau
                                                            Joseph D. Sutton
                                                            Eric S. Trabucco

CLASS ACTION COMPLAINT                                                            *Case No.*