UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO OSEGUERA, et al.,<br>　　　　Plaintiffs,<br>　　v.<br>LONGHUA ZHU, et al.,<br>　　　　Defendants. | Case No. 17-cv-03252-PJH<br><br>**ORDER DENYING DEFENDANTS'<br>MOTION TO DISMISS**<br>Re: Dkt. No. 26 |

Before the court is defendants Longhua Zhu and Fusan Corporation's motion to dismiss plaintiffs Alfonso Oseguera and Joaguin Ibarra's complaint pursuant to Fed. R. Civ. P. 12(b)(1). The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for March 21, 2018, is VACATED. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES defendants' motion.

**BACKGROUND**

Defendant Zhu is the sole owner of defendant Fusan. Dkt. 26-1, Zhu Decl. ¶ 1. Fusan is a California corporation that operates a Japanese restaurant, Miraku, located in Walnut Creek, California. Dkt. 1, Compl. ¶¶ 10-11. On January 1, 2016, Fusan purchased Miraku from an unrelated corporation. Zhu Decl. ¶ 3. Plaintiffs Oseguera and Ibarra worked as cooks at Miraku prior to the acquisition and continued working as "non-exempt" employees at Miraku after Fusan acquired the restaurant. Compl. ¶¶ 8-13. Though the parties disagree about the circumstances of the departures, the parties agree that plaintiffs stopped working at Miraku on June 6, 2016. Compl. ¶¶ 8-13.

Plaintiffs allege defendants violated the Fair Labor Standards Act, 29 U.S.C. §

1  201, et seq (the "FLSA"), and a number of California labor laws.  Compl. ¶¶ 31-110.
2  Defendants argue that the complaint must be dismissed in its entirety because the
3  defendants are not subject to the provisions of the FLSA and, as that is the only federal
4  cause of action, the court lacks subject matter jurisdiction.  As explained below, the
5  resolution of defendants' motion depends on whether the restaurant's employees worked
6  with ingredients or supplies that moved in interstate commerce as defined by the FLSA.
7  Both parties submitted declarations addressing that issue.

Plaintiff Ibarra attests that he worked as a chef at Miraku for 22 years.  Dkt. 27-8, Ibarra Decl. ¶ 2.  Throughout that time, most of the ingredients the restaurant used came from Japan or other parts of Asia.  Id. ¶ 3.  For example, "cooking ingredients like edamame, rice vinegar, soy sauce and crawfish like oysters were regularly imported from Japan and other non-Californian locations."  Id. ¶¶ 4, 6 ("The restaurant also systematically imported raw and cooked fish from all over the globe including Hawaii, Alaska, the pacific northwest, the Atlantic, and Asia.").  Further, the restaurant offered beverages imported from non-Californian locations, including beer, sodas, and sake imported from Japan, and tequila imported from Mexico.  Id. ¶ 5.

Defendant Zhu's declarations also address the restaurant's operations and ingredients.  Zhu attests that defendants "purchase supplies for Miraku exclusively from local vendors in San Francisco and Hayward," and "from local grocery stores."  Zhu Decl. ¶ 4.  Further, defendants "do not order fish or other supplies to be shipped from overseas or from out of state."  Id.; see also Dkt. 28-2, Zhu Supp. Decl. ¶ 2 (Defendants "have never imported anything from overseas or from out of state, including supplies, ingredients, fish, drinks, liquors, etc.").

## DISCUSSION

**A. Legal Standard**

    **1. Motion to Dismiss Under Rule 12(b)(1)**

Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate—those involving diversity of citizenship or a

2

federal question, or those to which the United States is a party. Mims v. Arrow Financial Services, LLC, 565 U.S. 368, 376-77 (2012); see also Chen–Cheng Wang ex rel. United States v. FMC Corp., 975 F.2d 1412, 1415 (9th Cir.1992) ("[f]ederal courts have no power to consider claims for which they lack subject-matter jurisdiction"). The court is under a continuing obligation to ensure that it has subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3). A defendant may raise the defense of lack of subject matter jurisdiction by motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The plaintiff always bears the burden of establishing subject matter jurisdiction. Kokkonen v. Guardian Life Ins., 511 U.S. 375, 377 (1994).

A jurisdictional challenge may be facial or factual. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). Where the attack is facial, the court determines whether the allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction, accepting all material allegations in the complaint as true and construing them in favor of the party asserting jurisdiction. Id.; see also Warth v. Seldin, 422 U.S. 490, 501 (1975). Where the attack is factual, however, "the court need not presume the truthfulness of the plaintiff's allegations." Safe Air for Everyone, 373 F.3d at 1039. In resolving a factual dispute as to the existence of subject matter jurisdiction, a court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment. Id.

### 2. FLSA Coverage

The Ninth Circuit has explained:

> In order to be covered by the FLSA's overtime rules, employees must be "engaged in commerce or in the production of goods for commerce, or . . . employed in an enterprise engaged in commerce." 29 U.S.C. § 207(a)(1). In other words, coverage exists if either the employee is engaged in commerce (individual coverage), 29 U.S.C. § 203(b) (defining "commerce" as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof"), or the employer is an enterprise engaged in commerce (enterprise coverage), 29 U.S.C. § 203(s).

Chao v. A-One Med. Servs., Inc., 346 F.3d 908, 914 (9th Cir. 2003).

3

As relevant here, the FLSA defines an "[e]nterprise engaged in commerce or in the production of goods for commerce" as

> an enterprise that—
> (A) (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29 U.S.C. § 203(s)(1).

**B. Analysis**

Defendants argue that because they purchase ingredients for the restaurant exclusively from vendors within California, defendants are not "engaged in commerce" under § 203(s)(1)(A)(i) and, accordingly, defendants are not covered by the FLSA. Defendants' argument is contrary to Ninth Circuit authority.

In Donovan v. Scoles, 652 F.2d 16, 18–19 (9th Cir. 1981), the defendant argued that it was not subject to the FLSA because, though the gasoline defendant sold did not come from Arizona, defendant's sales and services were entirely within Arizona. The Ninth Circuit rejected defendant's argument because the gasoline had previously moved through interstate commerce. Donovan v. Scoles, 652 F.2d 16, 18–19 (9th Cir. 1981). The Ninth Circuit explained:

> The clear language of th[e] [enterprise] amendment indicates that even a business engaged in purely intrastate activities can no longer claim exemption from FLSA coverage if the goods its employees handle have moved in interstate commerce. The language imposes no requirement that the goods have a present involvement in interstate commerce when they are handled or sold. Instead it broadens coverage to include all employees within the stream of commerce of such goods, even if their own participation remains purely intrastate.

Id. (internal citations omitted); see also Chao v. Casting, Acting & Sec. Talent, Inc., 79 F. App'x 327, 329 (9th Cir. 2003) (same).

Similarly, in Si v. CSM Inv. Corp., 2007 WL 1518350, at *1 (N.D. Cal. May 22,

2007), the court rejected the same argument when considering similar allegations to those presented here. In that case, plaintiff-employees of a Chinese seafood restaurant argued that federal jurisdiction attached under § 203(s)(1) because the ingredients and supplies must have moved across state lines. Si v. CSM Inv. Corp., 2007 WL 1518350, at *3-4 (N.D. Cal. May 22, 2007). The court agreed: "[F]or enterprise liability, defendants cannot show lack of commerce by buying their supplies from local vendors. . . . [I]t can be assumed that [ ] some of the ingredients for Chinese food would need to be imported from out of state." Id. at *4; see also Shelton v. Ervin, 646 F. Supp. 1011, 1015 (M.D. Ga. 1986), aff'd, 853 F.2d 931 (11th Cir. 1988) (looking to where a retail store's liquor was manufactured).

Here, no factual assumptions are needed. As discussed above, plaintiff Ibarra attests that while he was employed at Miraku, the restaurant frequently used non-California ingredients and sold beverages that were produced outside of California. Ibarra Decl. ¶¶ 3-6. Defendants' evidence does not contradict that account. Instead, Zhu merely states that the defendants themselves do not import any ingredients, Zhu Supp. Decl. ¶ 2, and that defendants purchase supplies for the restaurant from California vendors, Zhu Decl. ¶ 4. But, as the above cases show, that is not sufficient to exempt defendants from coverage under the FLSA.

For the foregoing reasons, defendants' motion to dismiss under Rule 12(b)(1) is DENIED.[1]

**IT IS SO ORDERED.**

Dated: March 7, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge

---

[1] Defendants' separately filed evidentiary objections violate Civil L.R. 7-3(c) and, in any event, would not change the court's decision.

5