UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO OSEGUERA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>LONGHUA ZHU, et al.,<br><br>    Defendants. | Case No. 17-cv-03252-PJH<br><br>**ORDER GRANTING IN PART AND DENYING IN PART APPLICATION FOR SUBSTITUTION OF COUNSEL**<br><br>Re: Dkt. Nos. 87 |

The court is in receipt of defendant Longhua Zhu's ("defendant Zhu"), defendant Fusan Corporation's ("defendant Fusan Corp."), and attorney Danning Jiang's ("attorney Jiang") application for substitution of counsel (Dkt. 87) filed February 6, 2020. In their application, defendants list their "new counsel" as "pro per" for both defendant Zhu and defendant Fusan Corp. The contact information listed for each defendant is identical and appears to belong to defendant Zhu, who failed to show that he is a member of the bar of this court. While a natural person may represent him or herself in this court, Civ. L.R. 3-9(a), a "corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this court," id. 3-9(b); D-Beam Ltd. P'ship v. Roller Derby Skates, Inc., 366 F.3d 972, 973-74 (9th Cir. 2004) ("It is a longstanding rule that corporations and other unincorporated associations must appear in court through an attorney."). As a result, the court **GRANTS** defendant Zhu's application to substitute himself in pro per but **DENIES** the application for substitution with respect to defendant Fusan Corp.

However, the question remains whether attorney Jiang should be permitted to withdraw as counsel for defendant Fusan Corp. Significantly, in a declaration in support

of his February 4, 2020 motion to withdraw (Dkt. 86),[1] attorney Jiang declared that he has contacted his client concerning his substitution or withdrawal repeatedly since November 27, 2019 and that, over the past thirty days or more, his clients have failed to return his emails, phone calls, and voicemails. Dkt. 86 at 5. The court finds that such contacts provided defendants reasonable notice of attorney Jiang's intent to withdraw for purpose of Local Civil Rule 11-5(a) and California Rule of Professional Conduct 1.16(d).

The court also finds that attorney Jiang's withdrawal is justified under the California Rules of Professional Conduct. Civ. L.R. 11-4(a)(1) (Requiring that an attorney practicing in this court "comply with the standards of professional conduct required of the members of the State Bar of California."). California Rule of Professional Conduct 1.16(b) provides that, as a general matter, "a lawyer may withdraw from representing a client if . . . (4) the client . . . renders it unreasonably difficult for the lawyer to carry out the representation effectively; (5) the client breaches a material term of an agreement with . . . the lawyers relating to representation, and the lawyer has given the client a reasonable[] warning after the breach that the lawyer will withdraw unless the client fulfills the agreement . . . [or] (6) the client knowingly [] and freely assents to termination of the representation." Cal. R. Prof. Conduct 1.16(b).

Here, in his declaration, attorney Jiang testified that his clients' conduct, which includes their failure to return his recent communications, "has rendered it unreasonably difficult for counsel to carry out the employment effectively" and, separately, that his clients maintain various overdue and unpaid invoices for his services. Dkt. 86 at 5. Based on this testimony, the court finds that attorney Jiang's withdrawal should be permitted. Additionally, because defendant Fusan Corp. agreed to "substitute" attorney Jiang and instead "represent" itself "pro per," Dkt. 87 at 3, defendant Fusan Corp.

---

[1] On February 6, 2020, shortly after filing defendants' application for substitution of counsel, attorney Jiang attempted to terminate this motion. Dkt. 88. However, because of his failure to follow ECF docketing procedures for terminating a pending motion, his motion to withdraw remains pending. In any event, the court will consider its accompanying declaration in this order.

2

necessarily agreed to the termination of attorney Jiang's representation. On this basis, too, the court finds that withdrawal should be permitted.

## CONCLUSION

Accordingly, attorney Jiang may withdraw and defendant Zhu may proceed in this matter in pro per. The court will allow defendant Fusan Corp. until **March 12, 2020** to retain qualified counsel. By that date, substituted counsel must enter a notice of appearance in this action. The court cautions that failure to substitute counsel within the time allowed may result in an entry of default against defendant Fusan Corp. As a condition of his withdrawal, the court orders attorney Jiang to continue to receive and forward any filings in this action until **March 12, 2020**, Civ. L.R. 11-5(b), and, to the extent he has not already, release any client property in his possession as required under California Rule of Professional Conduct 1.16(e). Incidentally, the court orders attorney Jiang to immediately inform defendant Zhu of each of these conditions. The court further **TERMINATES** attorney Jiang's motion to withdraw (Dkt. 86) as moot.

**IT IS SO ORDERED.**

Dated: February 11, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge

3